McRAE, Presiding Justice,
concurring in part and dissenting in part:
¶ 25. I concur with the majority in that the Standing Committee on Ethics erred in its conclusion that Rule 1.8(e) prohibits the advances of medical insurance premiums by attorneys to their needy clients under all circumstances. However, I dissent as to sending this case back to the Committee for further review. Too much time has passed for the Court to again rule on this matter. On October 12, 1998, the petitioner, G.M., suffered severe injuries from a serious automobile accident. As a result, petitioner was unable to work. His employer informed him on May 31, 1999, that his health insurance premiums would no longer be paid, and that effective in July of 1999, he would be responsible for his health insurance premium of $401.39 per month. This case was initially filed with the Standing Committee on August 12, 1999. An immediate ruling on these payments was expected, although none was given. Three months later, on November 5, 1999, the Committee denied the petitioner’s request, and he filed a Petition for Review with this Court on January 21, 2000. This case has been undecided for approximately one year and four months, and this is obviously a moot issue. Sending this case back to the Committee for further determination would extend the duration of this request to approximately two years, and petitioner’s health insurance will surely lapse by then, if it has not already.
¶ 26. Health insurance is just as important as house payments or utility bills. It is protection for your family and self for injury or sickness. If one does not pay the car payment, he may still be able to hitch hike or take a taxi. One can not get health insurance to pay exorbitant medical expenses after the injury or illness occurs. Payments for medical insurance premiums cannot be retroactively applied. The policy is cancelled if premiums are not paid.
¶ 27. Allowing this case to go back to the Standing Committee would further delay the immediate needs of the petitioner. The client is in need of this money or the coverage, and prolonging this matter any further would provide an insufficient remedy to the attorney’s client. Justice delayed is justice denied.
¶ 28. This case should not be remanded to the Committee for further proceedings. *940 We should hold now that it is covered and allow the expense.
EASLEY, J., joins this opinion. DIAZ, J., joins in part.